

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AARON HARVEY BEITCH,

          Plaintiff-Appellant,

v.

CHRIS MAGNUS, Chief of Police Tucson
Police Department; et al.,

          Defendants-Appellees.

No.    20-16188

D.C. No. 4:18-cv-00067-BGM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Bruce G. Macdonald, Magistrate Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Aaron Beitch appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging Fourth Amendment and Procedural Due

Process violations arising out of his encounter with the Tucson Police Department

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

on the night of August 9, 2017.  We review de novo the district court's grant of summary judgment.  *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment for officers Miller and Hyde on Beitch's excessive force claim on the basis of qualified immunity. *See Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc).  In the light most favorable to Beitch, the only evidence not directly controverted by the body-worn camera footage is that one officer, Hyde, pointed his gun at Beitch from a distance of four to five cars away, and then lowered it into the low-ready position. No clearly established law holds that such positioning constitutes excessive force. *Id.* at 442 ("[E]very reasonable official would have understood that what he is doing violates that right." (internal quotation marks and citation omitted)); *cf. Green v. City & Cnty. of San Francisco*, 751 F.3d 1039, 1050 (9th Cir. 2014) (suggesting the low-ready position as a less intrusive alternative to pointing a gun at suspect's head).

Liberally construed, Beitch alleges that his detention in handcuffs for two to three minutes while verifying his identity also constituted an excessive use of force.  Even if this argument were properly presented, it would be unsuccessful. The use of "correctly applied" handcuffs alone is only a "marginal intrusion,"

2

*Muehler v. Mena*, 544 U.S. 93, 99–100 (2005) (addressing an individual handcuffed for two to three hours), and was reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (instructing that in excessive force claims we balance the severity of the intrusion against the governmental interests at stake).

Summary judgment for defendants Reed and Kozda was proper on Beitch's Fourth Amendment unlawful search and seizure claim on the basis of qualified immunity. A police officer conducting an investigatory stop under *Terry v. Ohio*, 392 U.S. 1, 30 (1968), "must have reasonable suspicion 'the person apprehended is committing or has committed a criminal offense.'" *Thomas v. Dillard*, 818 F.3d 864, 875 (9th Cir. 2016), *as amended* (May 5, 2016) (quoting *Arizona v. Johnson*, 555 U.S. 323, 326, (2009)); *see United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc) ("The reasonable suspicion standard is not a particularly high threshold . . . ."). Since Beitch was the only person at the scene of the incident at 4:30 AM, wearing clothes that matched the suspect's description, the officers had reasonable suspicion to conduct an investigatory stop.

The district court also properly granted summary judgment for Beitch's procedural due process claim to defendants Magnus, Petersen, and Lane.[1] Although Beitch alleges that he was denied due process in his administrative review, he does not allege any specific defects in that process. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (requiring demonstration of a "denial of adequate procedural protections").

**AFFIRMED.**

---

[1] The district court also properly granted summary judgment to the remaining defendants who were neither "integral" participants in the encounter, *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007), nor sufficiently involved to be subject to supervisory liability. *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013).

4